FILED
OCT 26 2011

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAVID ABDO, SR., | Civ. 10-4005-LLP |
| Petitioner, | |
| vs. | ORDER DENYING PETITION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, John David Abdo, Sr., moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The United States opposes Adbo's petition. Because Abdo has been released from custody, his petition is denied as moot. But even if Abdo's petition were not moot, it would be denied on the merits.

## FACTS

On November 20, 2007, a petition to revoke supervised release was filed with this court and a warrant issued for Abdo's arrest. CR 02-40038 (CR. Docket). The basis for the allegation was that between October 2007 and November 14, 2007, Abdo sold marijuana and cocaine to individuals at his residence, within 1,000 feet of a middle school, in violation of the condition prohibiting possession and distribution of controlled substances. CR Docket 38. Abdo eventually pleaded guilty to manufacturing, distribution, and possession of controlled substances in state court in Davison County, South Dakota. *Id.*

After Abdo's arrest, he admitted one allegation of the petition to revoke. On February 12, 2009, Abdo was sentenced to 12 months and on day confinement, with no supervised release to follow. *Id.* Abdo's sentence was to be served consecutive to his state court sentence.

*Id.* Abdo was released from federal prison on March 10, 2011. *See* Docket 9-1, Exhibit (print out from Bureau of Prisons website showing release).

## DISCUSSION

Section 2241 provides that a "writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." Thus, the United States argues that relief is not available to Abdo because he is no longer incarcerated. Because the court did not impose supervised release to follow Abdo's term of incarceration, it is not possible for this court to grant "any effectual relief whatsoever" in Abdo's favor. *See Tillissy v. Lapin*, 324 Fed. App'x 543, 543 (8th Cir. 2009). *Compare United States v. Rhone*, 647 F.3d 777, 779 n. 2 (8th Cir. 2011) (noting that appeal from revocation of supervised release was not mooted by defendant's release from custody because the court imposed a new term of supervised release and thus, the revocation had continuing consequences). Thus, Abdo's petition is moot.

But even if Abdo's petition were not moot, it would fail on the merits. First, Abdo's petition does not indicate whether he requested relief from the Bureau of Prisons (BOP) before filing his petition. "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Thus, because Abdo has not indicated that he has presented his claim to the BOP, his petition may be denied without reaching the merits of his claims. *See United States v. Thompson*, 297 Fed. App'x. 561, 562 (8th Cir. 2008) (holding that district court erred when it considered a § 2241 petition on the merits because the petitioner did not demonstrate that he had presented his claim to the BOP). Second, because Adbo received credit for time

served against his state sentence, applying credit for time served against the federal sentence would have resulted in the defendant improperly receiving credit twice for the same time served. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); *Sweet v. Sanders*, 180 Fed. App'x 601, 602 (8th Cir. 2006); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993). The attachments to Abdo's petition show that he was given credit for the 124 days he seeks on the state charges. *See* Docket 3 at 6. Third, this court properly imposed a consecutive sentence and was correctly in its decision not to calculate and impose credit for time served in its judgment. *See United States v. Arvidson*, 388 Fed. App'x 564, 565 (8th Cir. 2010) (holding that a district court has no authority for nunc pro tunc order or for concurrent sentencing where a state crime served as the basis for the revocation of supervised release); *United States v. Wilson*, 503 U.S. 329, 333-35 (holding that the authority to provide credit for time served is delegated to the Attorney General, to be applied through the Bureau of Prisons). Thus, even if Abdo's petition were not moot, it would be denied on the merits. Accordingly, it is

ORDERED that Abdo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket 1) is denied.

Dated this 26th day of October, 2011.

BY THE COURT:

*Lawrence L. Piersol*
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY